```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION


KENNETH WAYNE JAMES,              §
TDCJ-CID NO. 1070075,             §
                                  §
          Petitioner,             §
                                  §
v.                                §
                                  §     CIVIL ACTION NO. H-05-1802
DOUGLAS DRETKE, Director,         §
Texas Department of Criminal      §
Justice, Correctional             §
Institutions Division,            §
                                  §
          Respondent.             §
```

**MEMORANDUM OPINION AND ORDER**

Kenneth W. James, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2001 state court conviction for murder. Pending before the court is Respondent Dretke's Motion for Summary Judgment with Brief in Support (Docket Entry No. 11), to which petitioner has filed an objection and response (Docket Entry No. 12). For the reasons discussed below, the court will grant the motion for summary judgment and deny James' petition for a writ of habeas corpus.

**I.   Procedural History and Claims**

On September 12, 2001, James was found guilty of murder and sentenced to forty years' imprisonment. State v. James,

No. 841,680 (263rd Dist. Ct., Harris County, Tex., Sept. 12, 2001). On November 21, 2002, the conviction was affirmed by the First Court of Appeals of Texas. James v. State, No. 01-01-01027-CR (Tex. App. -- Houston, Nov. 21, 2002, pet. ref'd.).

James' petition for discretionary review ("PDR") was refused by the Texas Court of Criminal Appeals on April 30, 2003. James v. State, PDR No. 0966-02. On April 13, 2004, James filed a state writ petition challenging his murder conviction. Ex parte James, No. 59,435-01, at 2-52. The Texas Court of Criminal Appeals denied the petition without written order on December 8, 2004.[1] Id. at cover.

James then filed a petition for writ of certiorari with the United States Supreme Court. The original petition was postmarked February 17, 2005, but was returned to James for failure to follow SUP. CT. R. 14.1(i). The petition was resubmitted on three subsequent occasions, but returned each time for failure to reflect the changes requested by the Supreme Court. The last of these submissions to the Supreme Court was received on April 22, 2005.[2]

---

[1]After filing a petition for state writ of habeas corpus, James also filed a petition for writ of mandamus. Because the writ of mandamus was filed after, and denied on the same day as, the state writ of habeas corpus, it does not toll the limitations period any longer than the state writ of habeas corpus. (State Court Records, Docket Entry No. 13-23, p. 3)

[2]Petitioner's Objections and Response to Motion for Summary Judgment (Docket Entry No. 12), pp. 5-10.

-2-

James signed the instant petition for writ of habeas corpus on May 10, 2005. Fed. Writ Pet. at 9. He presents the following grounds for relief:

1. ineffective assistance of trial counsel and appellate counsel,

2. actual innocence,

3. trial court error, and

4. factually and legally insufficient evidence.

## II. Standard of Review

**A.   Summary Judgment**

A court grants summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Material facts are facts that may "affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The party moving for summary judgment bears the initial burden of proving the absence of any genuine issues of material fact. FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). Once the movant has met this burden, the non-movant must

establish that there is a genuine issue for trial. Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998). If the non-movant is unable to meet this burden, the motion for summary judgment will be granted. FED. R. CIV. P. 56(c). When considering a summary judgment motion the court resolves any doubts and draws any inferences in favor of the nonmoving party. Hunt v. Cromartie, 119 S.Ct. 1545, 1551-52 (1999).

In a habeas case, the court should construe liberally the petitions of prisoners seeking relief. See Haines v. Kerner, 92 S.Ct. 594 (1972) (per curiam). Procedural rules must give way at times because of the "unique circumstance of incarceration." McNeil v. United States, 113 S.Ct. 1980, 1984 (1993) (citing Houston v. Lack, 108 S.Ct. 2379 (1988)). Overall, the court holds pro se complaints to "less stringent standards than formal pleadings drafted by lawyers." Haines, 92 S.Ct. at 596.

**B.   One-Year Statute of Limitations**

James' habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Lindh v. Murphy, 117 S.Ct. 2059 (1997); Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA federal habeas petitions that challenge state court judgments are subject to the one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

>   (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
>
>   28 U.S.C. § 2244(d)(1)(2).

### III. Analysis

Respondent moves for summary judgment based on the one-year statute of limitations. This action falls under 28 U.S.C. § 2244(d)(1)(A). Accordingly, the one-year limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking review."

Although James' PDR was refused by the Texas Court of Criminal Appeals on April 30, 2003, his conviction did not become final until July 29, 2003, after the 90-day period for filing a petition for certiorari with the United States Supreme Court had elapsed. See Griffith v. Kentucky, 107 S.Ct. 708, 712 (1987) (stating that a judgment is not final until the availability of appeal has been exhausted and the time for a petition for certiorari has elapsed or a petition for certiorari has been denied); SUP. CT. R. 13.1 (petition for writ of certiorari is timely filed 90 days after entry of judgment). As a result, the limitations period for filing a federal habeas petition began on July 30, 2003, and expired one year thereafter on July 29, 2004. See Flanagan, 154 F.3d at 202 (holding that Rule 6(a) of the Fed. R. Civ. Proc. applies to the computation of the one-year limitations period in § 2244(d) of the AEDPA).

On April 13, 2004, James filed a petition for a state writ of habeas corpus. Because James' state writ petition was properly filed during the one-year limitations period, it tolled the limitations period until it was denied on December 8, 2004. See 28 U.S.C. § 2244(d)(2) (2005). Accordingly, the deadline for filing a federal writ was extended to March 25, 2005.

James' petition for writ of certiorari, filed on February 17, 2005, with the United States Supreme Court, did not toll the limitations period. Although James' reason for filing the petition

is unclear from the record, the limitations period would not have tolled whether James filed it as a direct appeal from his conviction or in response to the denial of his state habeas petition.

On direct review of a conviction, § 2244(d)(1)(A) includes the time for filing a petition for writ of certiorari with the Supreme Court in determining when a conviction is final. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999). Nevertheless, because James did not file this petition for certiorari until more than one year after his conviction became final, the limitations period was not tolled. See Sup. Ct. R. 13.1.

If the certiorari petition was filed by James to challenge the denial of his state habeas petition, § 2244(d)(2) does not toll limitations. Because "a petition for writ of certiorari to the Supreme Court is not an application of 'State' review," § 2244(d)(2) does not toll the limitations period even if properly filed. Grooms v. Johnson, 208 F.3d 488, 489 (5th Cir. 1999) (citing Ott, 192 F.3d at 513).

Furthermore, James' petition for writ of certiorari was not properly filed as required under § 2244(d)(2). "An application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 121 S.Ct. 361, 364 (2000). James' original petition was returned by the Supreme Court for failing to meet Sup. Ct. R.

14.1(i). Although the petition for writ of certiorari was resubmitted on three subsequent occasions, it never reflected the changes demanded by the Supreme Court, and was never properly filed as a result.

Because James' February 17, 2005, application for writ of certiorari did not toll limitations, James had until March 25, 2005, to file a federal writ of habeas corpus under 28 U.S.C. § 2254. James did not file this petition for writ of habeas corpus until May 10, 2005, after the statute of limitations had expired. James' pleadings fail to present any rare and exceptional circumstances that would demonstrate that he is entitled to equitable tolling. United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002). Therefore, the respondent's motion for summary judgment will be granted. 28 U.S.C. § 2244(d).

## IV.  Certificate of Appealability

Although James has not yet requested a Certificate of Appealability ("COA") on the claims denied in this Memorandum Opinion and Order, the issue of a COA may arise. This court may deny a COA sua sponte. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). To obtain a COA James must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 124 S.Ct. 2562, 2569 (2004). To make such a showing, James must demonstrate that the issues are debatable among jurists of reason, that a court could

resolve the issues in a different manner, or that the issues presented are adequate to deserve encouragement to proceed further. Tennard, 124 S.Ct. at 2569.  For the reasons stated in this Memorandum Opinion and Order, James has not made a substantial showing of the denial of a constitutional right.

## V.  Conclusion and Order

The court **ORDERS** the following:

1. The Motion for Summary Judgment (Docket Entry No. 11) is **GRANTED**.

2. A certificate of appealability is **DENIED**.

3. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner, and will provide a copy of the petition and this Order to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this the 6th day of June, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE